[No. 6,411.]
## HENEY ET AL. *v.* SARGENT.

HUSBAND AND WIFE—AGENCY.—In an action against the husband for goods purchased by the wife: *Held,* under the circumstances stated in the opinion, that she had authority to make the purchase, and that the husband was bound.

APPEAL from a judgment for the plaintiff, and from an order denying a new trial, in the Twelfth District Court, City and County of San Francisco. DAINGERFIELD, J.

The facts are stated in the opinion.

*J. G. Severance*, for Appellant.

*Cowdery & Preston*, for Respondents.

Defendant knew his wife was purchasing goods, and having them delivered at a house rented by him, and he did not notify the plaintiff that his wife had no authority, but on the contrary ratified the act by giving an undertaking for the release of the property attached, and accepting the property from the Sheriff when it was released. (Story on Sales, § 77; *Hopkins* v. *Mollineux*, 4 Wend. 465.)

Department No. 2, MYRICK, J.:

This is an action to recover the value of furniture sold and delivered. Defendant and his wife were living apart, he having rented a house for the use of herself and their son. She purchased the furniture in the name of her husband, stating that she was authorized by him so to do. Defendant denied the authority. The only question was, as to whether he had in the first instance given the authority, or had subsequently ratified her acts. The evidence shows that they were living apart, but not by agreement as contemplated by § 175 of the Civil Code; that he had supplied her with some kitchen furniture, and that the furniture was purchased to furnish the house. The husband was occasionally at the house. While the furniture was being delivered he knew of the fact, and made no protest. When this suit was brought, the same furniture was attached. In order to obtain a release of the property from attachment, the attorney of the wife obtained the consent of the husband that he enter his appearance in the case, saying that the property could not be released until an appearance had been entered. The attorney then gave a bond, and the property was released.

In the Court below plaintiff had judgment; defendant moved for a new trial, which was denied, and he then appealed.

We think there was sufficient evidence of authority to sustain the finding. The husband, according to his own testimony, was making some provision for his wife and son, viz., renting a

house; they could not have lived there very comfortably without furniture; and when the tradesman furnished her with these goods, he did so on the implied authority which the wife carries with her. Until a divorce or separation by agreement, she was entitled to be supported by him either at his house or at some other place.

Judgment and order affirmed.

MORRISON, C. J., and SHARPSTEIN, J., concurred.